## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

**In Re:**

**REX ADAMS,**                                                                   BK 07-70121

      **Debtor.**

**ROBERT L. SHIELDS, III, TRUSTEE**

      **Plaintiff,**

**v.**

**REX ADAMS,**                                                                  AP 10-70013

      **Defendant.**

### MEMORANDUM OPINION

This adversary proceeding came before the court on December 9, 2010 and January 20, 2011, for hearing on Plaintiff's Second Motion for Partial Summary Judgment. (AP Doc. 21). William Dennis Schilling appeared on behalf of Robert L. Shields, III, Chapter 7 Trustee ("Trustee"); Marshall Entelisano appeared on behalf of Rex Adams ("Debtor"). After consideration of the arguments made at the hearing and the briefs submitted by the parties, this court will **DENY** the Trustee's Second Motion for Partial Summary Judgment.

### JURISDICTION

The Bankruptcy Court has jurisdiction of this case pursuant to 28 U.S.C. § 1334(a). This

1

court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). Jurisdiction is referred to the bankruptcy courts by the General Order of Reference of the United States District Court for the Northern District of Alabama, signed July 16, 1984, as Amended July 17, 1984.

**FINDINGS OF FACT**

The facts in this case are not disputed. Rex Adams filed a voluntary Chapter 13 bankruptcy petition on January 24, 2007. (Bk. Doc. 1). On October 2, 2007, a Confirmation Order was entered confirming Debtor's Second Amended Plan. (Bk. Doc. 68). The Confirmation Order provided: "The debtor may not dispose of or place any lien upon any property without the consent of the court." (Bk. Doc. 68). While the Chapter 13 case was pending, Debtor received unreported income in excess of $55,000.00. Debtor concedes that this unreported income became property of the Chapter 13 case estate. Debtor spent all of this unreported income. On February 14, 2007, Debtor and his ex-wife filed a joint federal tax return for the tax year 2006 and received a refund of $10,350.00. Debtor did not disclose the receipt of the tax refund to the Chapter 13 Trustee. Debtor concedes that the tax refund became property of the Chapter 13 estate. Debtor allowed his ex-wife to keep the entire tax refund and did not receive anything in return. In this adversary proceeding, the Chapter 7 Trustee seeks a money judgment for $60,175.00: $55,000.00 for the undisclosed income received and spent by Debtor while the Chapter 13 case was pending; $5,175.00 for one-half of the undisclosed tax refund received and given away by Debtor while the Chapter 13 case was pending.

On January 13, 2010, Debtor voluntarily converted his bankruptcy case from a case under Chapter 13 to one under Chapter 7. (Bk. Doc. 88). The court entered an order converting the case and appointing Trustee on January 14, 2010. (Bk. Doc. 89). On February 23, 2010, the Trustee filed

2

a Motion for Determining that Conversion from Chapter 13 to Chapter 7 was in Bad Faith. (Bk. Doc. 107). On May 19, 2010, this court entered a consent order granting the Trustee's motion and finding that the "debtor's conversion of this case from a proceeding under chapter 13 to a proceeding under chapter 7 was in bad faith pursuant to 11 U.S.C. § 348(f)(2)." (Bk. Doc. 159). The Trustee concedes that neither the $55,000.00 in undisclosed income nor the $5,175.00 undisclosed tax refund became property of the Chapter 7 estate.

In another adversary proceeding, one assigned case number 10-70011 and titled Valrey W. Early, III, Bankruptcy Administrator Northern District of Alabama, v. Rex Adams, Debtor consented to the denial of his § 727 discharge. (AP. Doc. 11). The parties agreed to delay the entry of the consent order pending resolution of this adversary proceeding. (AP. Doc. 11).

## CONCLUSIONS OF LAW

Debtor filed this bankruptcy petition on January 24, 2007. On May 27, 2010, the Trustee filed this adversary proceeding seeking a money judgment for $60,175.00: $55,000.00 for the undisclosed income received and spent by Debtor while the Chapter 13 case was pending; $5,175.00 for one-half of the undisclosed tax refund received and given away by Debtor while the Chapter 13 case was pending. The Trustee then filed this Second Motion for Partial Summary Judgment seeking a ruling by this court that the Trustee was entitled to the entry of a $60,175.00 money judgment as a matter of law. Debtor objected to the Motion because the Trustee was seeking a money judgment in recompense for the dissipation of property that did not become property of the Chapter 7 estate. The Trustee concedes that neither the undisclosed income nor the undisclosed tax refund became property of the Chapter 7 estate, but asserts that he is entitled to summary judgment based upon the

3

following: The undisclosed income and undisclosed tax refund became property of the Chapter 13 estate; Debtor was required to turnover the funds to the Chapter 13 trustee pursuant to § 542(a); the § 542(a) cause of action became property of the Chapter 13 estate; because the § 542(a) cause of action existed at the time of the conversation of this case to Chapter 7, the § 542(a) cause of action became property of the Chapter 7 estate pursuant to § 348(f)(2); because the § 542(a) cause of action is property of the Chapter 7 estate, the Chapter 7 trustee is permitted to bring it against Debtor in this adversary proceeding.[1]

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings pursuant to Bankruptcy Rule 7056, governs the procedures for summary judgment and provides in pertinent part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). In reviewing a summary judgment motion, the court must resolve all ambiguities and draw all reasonable inferences in the non-movant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). "The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary judgment." McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997). There are no issues of material fact in this adversary proceeding; Debtor does not contest any of the facts laid out in the Trustee's Second Motion for Partial Summary Judgment. The

---

[1]This is a strange argument. By conceding that the undisclosed income and the undisclosed tax refund did not become property of the Chapter 7 estate, the Trustee concedes that he himself cannot bring a turnover action pursuant to § 542. See 11 U.S.C. § 542(a) & 363(b). Instead, the Trustee argues that he can bring the Chapter 13 Trustee's § 542 turnover action. It is almost as if the Trustee is arguing that the Chapter 13's standing to bring a § 542 turnover action was passed on to the Trustee when the Chapter 13 case was converted to a Chapter 7. It is not clear whether this is a correct interpretation of the law, however, it is not necessary to address this issue in order to rule on the Trustee's Motion.

4

court will now determine whether the Trustee has shown that he is entitled to judgment as a matter of law.

As laid out above, the Trustee's argument as to why he is entitled to summary judgment is as follows: The undisclosed income and undisclosed tax refund became property of the Chapter 13 estate; Debtor was required to turnover the funds to the Chapter 13 trustee pursuant to § 542(a); the § 542(a) cause of action became property of the Chapter 13 estate; because the § 542(a) cause of action existed at the time of the conversation of this case to Chapter 7, the § 542(a) cause of action became property of the Chapter 7 estate pursuant to § 348(f)(2); because the § 542(a) cause of action is property of the Chapter 7 estate, the Chapter 7 trustee is permitted to bring it against Debtor in this adversary proceeding. This court must determine whether the Trustee has shown that these assertions are correct as a matter of law.

The Trustee's first contention is that Debtor's undisclosed income and undisclosed tax refund became property of the Chapter 13 estate. Debtor concedes that this is true; therefore, the court will not address this issue.

The Trustee's second contention is that the Chapter 13 Trustee could have compelled Debtor to turn over the undisclosed income and the undisclosed tax refund pursuant to § 542 of the Bankruptcy Code. To show that the Chapter 13 Trustee was entitled to turnover of the undisclosed income and the undisclosed tax refund pursuant to § 542(a), the Trustee is required to prove that: (1) an entity other than a custodian; (2) was in possession, custody or control; (3) of property that the Chapter 13 Trustee could use, sell or lease under § 363; (4) during the case; and (5) that such property is not of inconsequential value or benefit to the estate. 11 U.S.C. § 542(a). See also Dionne v. Colvin (In re Moore), 312 B.R. 902, 909 (Bankr. N.D. Ala. 2004). There are two issues that make

5

this court reluctant to find in the Trustee's favor.

The first issue concerns whether a chapter 13 trustee has standing to bring a § 542 turnover action. One of the elements of a turnover action is that the property being sought is "property that the trustee may use, sell, or lease under section 363 of this title." 11 U.S.C. § 542(a). This poses a potential problem when a chapter 13 trustee seeks an action for turnover because a chapter 13 trustee is prohibited from using, selling, or leasing property of the estate: Section 1303 provides that the debtor, exclusive of the trustee, has the rights and powers of a trustee under section 363(b), the subsection which gives a trustee authority to use, sell, or lease property of the estate. 11 U.S.C. § 1303; 11 U.S.C. § 363(b). This begs the question: If a § 542 turnover action must seek turnover of property that the trustee may use, sell, or lease, and a chapter 13 trustee is prohibited from using, selling, or leasing property, how can such chapter 13 trustee seek turnover pursuant to § 542? Because the parties did not address this question in their briefs or at the hearing on the Motion and because the Chapter 13 Trustee has not had an opportunity to make his case before this court, this court is not comfortable finding that the Trustee has shown that he is entitled to judgment as a matter of law on this issue.

The second issue concerns whether a trustee can seek turnover of property from a party who no longer has possession of the property. "Courts are divided on the question of whether trustees may compel turnover from entities who do not have possession of the property at the time turnover is sought." Bailey v. Suhar (In re Bailey), 380 B.R. 486, 491 (6th Cir. BAP 2008). "Precode practice suggests that § 542(a) permits a trustee to compel turnover only from entities which have control of property of the estate or its proceeds at the time of the turnover demand." Brown v. Pyatt (In re Pyatt), 486 F. 3d 423, 428 (8th Cir. 2007). See also Maggio v. Zeitz, 333 U.S. 56, 63-64, 68 S. Ct.

6

401, 405 (1948) (finding that a turnover proceeding was "appropriate only when the evidence satisfactorily establishes the existence of the property or its proceeds, and possession thereof by the defendant at the time of the proceeding" and that resort to a turnover action was inappropriate "if the property and proceeds have already been dissipated, no matter when that dissipation occurred"). With the enactment of the Bankruptcy Code in 1978, there developed a split: some courts continued to follow the pre-Code United States Supreme Court case of Maggio v. Zeitz and required that a defendant in a turnover action have possession or control of the property being sought; other courts found that the enactment of the Bankruptcy Code changed the pre-Code law and that possession was no longer a requirement for a turnover proceeding because "[s]ection 542(a) modifies prior judicial opinions to the extent that it expressly permits a trustee to recover 'the value' of the property, in addition to the property itself, from one who possessed the property 'during the case.'" Bailey, 380 B.R. at 492 (quoting 11 U.S.C. § 542 (a)). If a trustee may only seek turnover pursuant to § 542 while a party has possession of the property being sought, then did the Chapter 13 Trustee lose the right to seek turnover pursuant to § 542 once Debtor no longer had possession of the undisclosed income and undisclosed tax refund? If the Chapter 13 Trustee lost his right to seek turnover when Debtor dissipated the undisclosed funds while the Chapter 13 case was pending, then the § 542 turnover action did not exist at the time the case converted to Chapter 7 and did not become property of the Chapter 7 bankruptcy estate. Again, neither the Trustee nor Debtor addressed this issue in their briefs or at the hearing on the Motion. As result, this court is not comfortable finding that the Trustee has shown that he is entitled to judgment as a matter of law on this issue.

If these two issues were the only reasons that this court was reluctant to grant the Trustee's Motion, then this court would schedule a hearing in order for the parties to address these issues.

7

However, as discussed directly below, these are not the only issues preventing the court from granting the Trustee's Motion.

The Trustee's third contention is that the § 542 cause of action that allegedly accrued to the Chapter 13 Trustee became property of the Chapter 13 estate.[2] This court could find no case law addressing the issue of whether a § 542 cause of action becomes property of the estate. Therefore, this court must rely on the provisions of the Bankruptcy Code that govern what property becomes property of the estate. Section 1306 provides, in pertinent part:

> (a) Property of the estate includes, in addition to the property specified in section 541 of this title-
> > (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and
> > (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11 or 12 of this title, whichever occurs first.

11 U.S.C. § 1306(a). If the § 542 cause of action is to be classified as property of the estate, it will be because it is property of the estate pursuant to § 541.[3] Section 541 provides, in pertinent part:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

_____

[2] This is a unique argument. Generally speaking, it is property of the debtor that becomes property of the estate in a bankruptcy case. The § 542 cause of action is not a cause of action that belongs to Debtor; in fact, it is a cause of action against Debtor.

[3] The § 542 cause of action would not be property of the estate pursuant to § 1306(a)(1) because only property that the debtor acquires becomes property of the estate under that subsection; the § 542 lawsuit is a cause of action against the debtor, not a cause of action acquired by the debtor. The § 542 action would not be property of the estate pursuant to § 1306(a)(2) because only earnings from services become property of the estate under that subsection; the § 542 lawsuit is a cause of action against the debtor, not earnings from services by the debtor.

8

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case;

(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is -

    (A) under the sole, equal, or joint management and control of the debtor; or

    (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

(3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.

(4) Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquired within 180 days after such date-

    (A) by bequest, devise, or inheritance;

    (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or

    (C) as a beneficiary of a life insurance policy or of a death benefit plan.

(6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

(7) Any interest in property that the estate acquires after the commencement of the case.

11 U.S.C. § 541. If the § 542 cause of action is to be classified as property of the estate, it will be because it is property of the estate pursuant to § 541(a)(7).[4]

This court finds that the § 542 cause of action is not property of the estate pursuant to §

---

[4]The § 542 cause of action is not property of the estate pursuant to § 541(a)(1) or § 541(a)(2) because such cause of action is not an interest of the debtor. The § 542 cause of action is not property of the estate pursuant to § 541(a)(3) because such cause of action is not an interest in recovered property. The § 542 cause of action is not property of the estate pursuant to § 541(a)(4) because such cause of action does not involve subordination (§ 510) or an avoided transfer (§ 551). The § 542 cause of action is not property of the estate pursuant to § 541(a)(5) because such cause of action was not acquired as a result of a: (1) bequest, devise, or inheritance; (2) a property settlement; or (3) a life insurance policy or death benefit plan. The § 542 cause of action is not property of the estate pursuant to § 541(a)(6) because such cause of action is not proceeds, product, offspring, rents, or profits from property of the estate.

9

541(a)(7) as it is not an interest in property that the estate acquired after the commencement of the case. This court so finds because a trustee's right to bring a § 542 cause of action is not an interest in property as contemplated by § 541(a)(7). This court was unable to find any cases addressing the issue of whether turnover actions brought pursuant to the bankruptcy code constitute property. This court was able to find cases addressing the issue of whether avoidance actions brought pursuant to the bankruptcy code constitute property:

> [T]he avoidance action was not property of the estate to begin with. Section 541(a) defines the universe of items constituting property of a particular bankruptcy estate. Prominent among those items are any and all interests in property owned by the debtor at the time he commenced his case. . . .
>
> However, notably absent from this universe is any avoidance action that the trustee might have or any anticipated recovery that the trustee might realize. Indeed, Section 541 is quite clear that it is only the property that is actually recovered or preserved as a consequence of a successful avoidance action that in fact becomes property of the estate. 11 U.S.C. §§ 541(a)(3) and (4). Nor should it be a surprise that potentially avoidable transfers fall outside of the estate's property given that a trustee's ability to avoid a lien under any of the pertinent bankruptcy sections is a **power as opposed to an interest in property itself. "The avoiding powers are not 'property' but a statutorily created power to recover property."** In re Sweetwater, 55 B.R. 724, 731 (D. Utah 1985), rev'd on other grounds, 884 F. 2d 1323 (10th Cir. 1989).

Moyer v. ABN Amro Mortgage Group, Inc. (In re Feringa), 376 B.R. 614, 624 (Bankr. W.D. Mich. 2007) (emphasis added). This reasoning applies to a § 542 cause of action as well: A finding that a trustee has cause to bring a § 542 cause of action does not necessitate a finding that the trustee has an interest in the cause of action itself; rather, the power to seek turnover pursuant to § 542 is a "statutorily created power to recover property," not an interest in property itself.[5] Id. Therefore, this

---

[5] The Feringa court relied in part on the fact that property recovered pursuant to the avoiding powers is property of the estate pursuant to §§ 541(a)(3) and (4), which suggests that the avoiding powers themselves are not property of the estate. In re Feringa, 376 B.R. at 624. There is no similar provision in § 541 providing that property recovered pursuant to § 542 is property of the estate. This court does not believe that this suggests that a § 542 cause of action

10

court finds that the alleged § 542 cause of action is not an interest in property and did not become property of the Chapter 13 estate pursuant to § 541(a)(7).

Because the § 542 cause of action did not become property of the Chapter 13 estate, it did not become property of the Chapter 7 estate upon conversion of the Debtor's case. Because the § 542 cause of action did not become property of the Chapter 7 estate, the Trustee is not permitted to bring the § 542 cause of action on behalf of the estate.[6]

## CONCLUSION

The Trustee argued that he is entitled to judgment as a matter of law based on the following assertions: The undisclosed income and undisclosed tax refund became property of the Chapter 13 estate; Debtor was required to turnover the funds to the Chapter 13 trustee pursuant to § 542(a); the § 542(a) cause of action became property of the Chapter 13 estate; because the § 542(a) cause of action existed at the time of the conversation of this case to Chapter 7, the § 542(a) cause of action became property of the Chapter 7 estate pursuant to § 348(f)(2); because the § 542(a) cause of action is property of the Chapter 7 estate, the Chapter 7 trustee is permitted to bring it against Debtor in this adversary proceeding. This court finds that the § 542 cause of action did not become property of the

---

is property of the estate itself; in order for a trustee to recover property under § 542, such property must already be property of the estate. See 11 U.S.C. § 542 & 11 U.S.C. § 363. Therefore, there is no need for a provision in § 541 that makes property recovered pursuant to § 542 property of the estate.

[6]In no way should this opinion be read to find that there is no remedy for Debtor's dissipation of property of the estate while the Chapter 13 case was pending: There is nothing in this opinion that would prevent the Trustee from asserting other available causes of action provided by applicable law, and Debtor has already consented to the denial of his discharge pursuant to § 727.

Case 10-70013-CMS   Doc 52   Filed 05/06/11   Entered 05/06/11 14:18:03   Desc Main
Document     Page 11 of 12

Chapter 13 estate.  As a result, this court must also find that the Trustee failed to show that he is entitled to judgment as a matter of law.  Because the Trustee failed to show that he is entitled to judgment as a matter of law, he is not entitled to summary judgment.  Therefore, the court **DENIES** the Trustee's Second Motion for Partial Summary Judgment.

An Order, consistent with these findings pursuant to Fed. R. Bankr. P. 7052, will be entered separately.

**DONE and ORDERED** this May 6, 2011.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge

Case 10-70013-CMS   Doc 52   Filed 05/06/11   Entered 05/06/11 14:18:03   Desc Main
Document      Page 12 of 12